**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**JACKSONVILLE DIVISION**

RICHARD SEAN FULMER, individually and derivatively on behalf of RichardSean Construction Inc.,

Plaintiff,

v. Case No. 3:26-cv-02143-MMH-LLL

(to be assigned by Clerk)

UNITED STATES SMALL BUSINESS ADMINISTRATION,

Defendant.

---

—

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT AND THE PRIVACY ACT AND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Richard Sean Fulmer, appearing pro se, files this Verified Complaint for declaratory and injunctive relief and, in the same document as permitted by Fed. R. Civ. P. 65(b), moves this Court for a temporary restraining order and preliminary injunction against Defendant United States Small Business Administration ("SBA").

## I. NATURE OF THE ACTION

1. This is a civil action under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, the Privacy Act of 1974, 5 U.S.C. § 552a, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, challenging arbitrary and capricious agency action by SBA in the servicing of SBA COVID Economic Injury Disaster Loan No. 1740497807 and seeking to enjoin SBA's imminent referral of the disputed debt to the U.S. Department of the Treasury Cross-Servicing program.

## II. JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (waiver of sovereign immunity under the APA), and 5 U.S.C. § 552a(g)(1) (Privacy Act civil remedies).

3. Venue is proper under 28 U.S.C. § 1391(e) because Plaintiff resides and does business in this District (Alachua County / Gainesville, Florida) and a substantial part of the events giving rise to the claim occurred in this District.

## III. PARTIES

4. Plaintiff Richard Sean Fulmer is a Florida resident, a Florida State Certified General Contractor, the 100% owner of RichardSean Construction Inc. (a Florida corporation), and the guarantor of record on SBA Loan No. 1740497807 under SBA Form 2128.

5. Defendant United States Small Business Administration is a federal agency within the meaning of 5 U.S.C. § 552(f).

## IV. FACTUAL ALLEGATIONS

6. On May 21, 2020, SBA authorized COVID EIDL Loan No. 1740497807 to RichardSean Construction Inc. in the original principal amount of $150,000.00 without a personal guarantee.

7. The loan was amended on August 6, 2021 to $500,000.00 with an executed Form 2128 personal guarantee by Plaintiff.

8. The loan was further amended on March 14, 2022 to $837,100.00 with an amended Form 2128 personal guarantee by Plaintiff for the full increased amount.

9. Plaintiff was enrolled in SBA's Payment Assistance program running November 22, 2025 through April 22, 2026 at a reduced payment of $2,059.00 per month.

10. SBA did not update Plaintiff's recurring auto-payment amount from the prior $412.00 to the new $2,059.00 at Payment Assistance enrollment.

11. Between November 2025 and January 2026, SBA drew $412.00 per month by auto-payment while requiring $2,059.00.

12. SBA issued no Notice of Delinquency in November 2025, December 2025, or January 2026 regarding the under-payment.

13. On February 22, 2026, SBA declared the Payment Assistance agreement automatically null and void based on the under-payment and reverted the required monthly payment to $4,118.00 without prior written notice to Plaintiff.

14. Between January 26, 2026 and March 25, 2026, Plaintiff made five posted payments to Loan No. 1740497807 totaling $7,001.00, as reflected on the MySBA Loan Portal payment ledger.

15. On May 23, 2026, SBA issued a Final Notice of Delinquency.

16. On June 8, 10, 17, and 19, 2026, Plaintiff filed formal written disputes with SBA including, on June 19, 2026, a Privacy Act records amendment request under 5 U.S.C. § 552a(d), a demand for administrative stay of collection, a litigation hold and records preservation demand, and parallel complaints filed with the SBA Office of Inspector General and the SBA Office of the National Ombudsman.

17. On June 16, 2026 at 10:23 AM EDT, SBA's Office of Congressional and Legislative Affairs sent to U.S. Senator Ashley Moody's casework office (Case #2022505 / Intranet Quorum IMA00129487) a written response stating: "The only way to avoid a Treasury referral is to make a payment of the outstanding overdue balance," and directing the Senator's office to a Payment Assistance program subject to a once-every-five-years eligibility rule. SBA did not disclose to the Senator's office that Plaintiff had already completed a Payment Assistance round less than two months earlier and was ineligible to reapply until approximately November 2030.

18. On June 16, 2026 at 3:15 PM EDT (CSH Email ID 0089660003502), SBA's Covid EIDL Servicing Center sent Plaintiff a written response referencing a "Workout Agreement Team" review of Plaintiff's file — a workout channel not disclosed to Senator Moody's office earlier the same day.

19. SBA's June 16, 2026 written response to Plaintiff acknowledged only $1,236.00 of Plaintiff's 2026 payments, omitting four of Plaintiff's five posted 2026 payments totaling $5,765.00.

20. On June 17, 2026, the MySBA Loan Portal simultaneously displayed for the same loan and same login: (a) Loan Summary page showing Regular Payment $2,059.00 and Amount Past Due $14,413.00; and (b) Request Payoff Document page showing Next Payment $4,118.00 and Next Due Date 02/22/2026, a past-due date.

21. On June 24, 2026 at 2:03 PM EDT, SBA sent Senator Moody's office a further written response stating: "There is no further update — payment must bring the loan current or it will be referred to Treasury. If he has already participated in a payment assistance program, he was notified that full monthly payments were to resume once that period was complete." The claim of contemporaneous notification is contradicted by the MySBA Loan Portal Notices tab, which contains no such notices during November 2025, December 2025, or January 2026.

22. On July 10, 2026, SBA sent Plaintiff a two-sentence response invoking the Fair Debt Collection Practices Act.

23. On August 18, 2026, the MySBA Loan Portal Loan Status field for Loan No. 1740497807 displayed "SBA Uncollectible," the Amount Past Due field showed $22,649.00, and a warning banner stated: "Your loan is severely delinquent, and SBA is preparing to refer your debt to Treasury Cross-Servicing for further collection."

24. On August 20, 2026, Plaintiff transmitted a formal Objection to Cross-Servicing Referral and Notice of Intent to File Pro Se Federal Court Action seeking temporary, preliminary, and permanent injunctive relief. SBA received the objection on the record and has not withdrawn its announced referral.

25. As of the filing of this Complaint, SBA has not issued a written determination on Plaintiff's June 19, 2026 Privacy Act records amendment request. The ten (10) business-day period prescribed by 5 U.S.C. § 552a(d)(2)(A) has long since elapsed.

26. Referral to the U.S. Department of the Treasury Cross-Servicing program is imminent within days.

## V. CLAIMS FOR RELIEF

**COUNT I — Administrative Procedure Act, 5 U.S.C. § 706**

27. Plaintiff incorporates paragraphs 1–26 above.

28. SBA's provision of materially inconsistent written answers to the United States Senate and to Plaintiff on the same day regarding the same loan is arbitrary and capricious agency action within the meaning of 5 U.S.C. § 706(2)(A).

29. SBA's declaration of the Payment Assistance agreement as automatically null and void without contemporaneous written Notice of Delinquency violates SBA's own published servicing practice and constitutes agency action not in accordance with law.

30. SBA's imminent referral of a debt that is subject to an unresolved formal written dispute violates the Federal Claims Collection Standards (31 C.F.R. Part 901) and Treasury Cross-Servicing regulations (31 C.F.R. Part 285).

**COUNT II — Privacy Act of 1974, 5 U.S.C. § 552a(g)**

31. Plaintiff incorporates paragraphs 1–26 above.

32. SBA has failed to maintain records concerning Plaintiff with accuracy, relevance, timeliness, and completeness reasonably necessary to assure fairness to Plaintiff, in violation of 5 U.S.C. § 552a(e)(5).

33. SBA has failed to act within the time prescribed by 5 U.S.C. § 552a(d)(2)(A) on Plaintiff's June 19, 2026 request to amend inaccurate records, constituting constructive denial.

34. SBA's inaccurate records — including the written narrative omitting $5,765.00 of Plaintiff's posted payments and the internally contradictory monthly payment and past-due values — will be the direct basis of SBA's imminent Treasury Cross-Servicing referral, causing adverse determinations against Plaintiff within the meaning of 5 U.S.C. § 552a(g)(1)(C).

**COUNT III — Declaratory Judgment, 28 U.S.C. § 2201**

35. Plaintiff incorporates paragraphs 1–26 above.

36. Plaintiff seeks a declaratory judgment that SBA Loan No. 1740497807 is not eligible for referral to the U.S. Department of the Treasury under 31 C.F.R. Part 285 while the borrower's Privacy Act records amendment request and open formal dispute remain unresolved.

## VI. EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(b), Plaintiff moves this Court for a temporary restraining order and preliminary injunction enjoining SBA from referring Loan No. 1740497807 to the U.S. Department of the Treasury under the Treasury Offset Program or the Cross-Servicing program, and from placing further collection telephone calls to Plaintiff, pending resolution of this action. Plaintiff further seeks permanent injunctive relief on the merits.

### A. LIKELIHOOD OF SUCCESS ON THE MERITS.

Plaintiff has documented in writing (i) SBA's inconsistent same-day written answers to the United States Senate and Plaintiff, (ii) SBA's $5,765.00 written misstatement of Plaintiff's payment history, (iii) SBA's failure to issue contemporaneous Notices of Delinquency for months relied upon for adverse determination, (iv) SBA's internally contradictory portal records, and (v) SBA's failure to timely act on a Privacy Act amendment request. These facts state plausible claims under the APA and Privacy Act sufficient to establish likelihood of success on the merits. Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008).

### B. IRREPARABLE HARM.

Treasury Cross-Servicing referral will impose a thirty-percent (30%) collection surcharge under 31 U.S.C. § 3717(e); expose Plaintiff to Administrative Wage Garnishment; subject Plaintiff to Treasury Offset of federal tax refunds and federal contractor payments; and terminate SBA workout availability. Once the file is transferred to Treasury, this Court's ability to grant meaningful relief on the Privacy Act and APA claims is substantially impaired. Financial injury of this scale where recovery from the United States Treasury is barred by sovereign immunity for the surcharge component constitutes irreparable harm. Sampson v. Murray, 415 U.S. 61, 90 (1974).

### C. BALANCE OF EQUITIES.

Plaintiff seeks only preservation of the status quo pending Court review of a documented written dispute. Defendant SBA suffers no cognizable harm from a temporary pause of referral of a debt whose accounting the agency itself cannot reconcile across its own portal pages.

**D. PUBLIC INTEREST.**

The public interest is served by ensuring federal agencies maintain accurate records under the Privacy Act, follow their own procedures, and do not refer disputed debts for coercive collection before constituent due process is completed.

## VII. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a Temporary Restraining Order enjoining Defendant SBA from (i) referring Loan No. 1740497807 to the U.S. Department of the Treasury under the Treasury Offset Program or the Cross-Servicing program, and (ii) placing further collection telephone calls to Plaintiff, pending hearing on preliminary injunction;

B. After hearing, enter a Preliminary Injunction continuing the foregoing restraint through the pendency of this action;

C. After trial on the merits, enter a Permanent Injunction ordering SBA to (i) refrain from any referral of Loan No. 1740497807 to Treasury Cross-Servicing or the Treasury Offset Program until SBA has issued a written determination on Plaintiff's Privacy Act records amendment request and reconciled its internally contradictory written records, and (ii) cease collection telephone calls to Plaintiff during any period of formal written dispute;

D. Declare that SBA's servicing conduct on Loan No. 1740497807 violated the Administrative Procedure Act and the Privacy Act as set forth above;

E. Order SBA to amend its records concerning Plaintiff to accurately reflect Plaintiff's 2026 payment activity and to eliminate the internal contradictions in the MySBA Loan Portal display;

F. Award Plaintiff attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and 5 U.S.C. § 552a(g)(3)(B); and

G. Grant such further relief as the Court deems just and proper.

## VIII. VERIFICATION

I, Richard Sean Fulmer, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing factual allegations are true and correct to the best of my knowledge and belief.

Executed on 8/21, 2026, at Gainesville, Florida.

[signature]

Richard Sean Fulmer, Pro Se

## CERTIFICATE OF SERVICE

I certify that on 8/21, 2026, I served a true and correct copy of this Verified Complaint and Emergency Motion by electronic mail and by U.S. certified mail, return receipt requested, upon:

United States Small Business Administration, Office of General Counsel, 409 3rd Street, S.W., Washington, D.C. 20416

United States Attorney for the Middle District of Florida, 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202

Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530

*(service required under Fed. R. Civ. P. 4(i) for an action against a United States agency)*

[signature]

Richard Sean Fulmer, Pro Se

Plaintiff's contact information:

Richard Sean Fulmer, Pro Se

RichardSean Construction Inc.

602 South Main Street

Gainesville, Florida 32601

Email: richard@richardsean.com

Phone: 904-687-6915 (office) | 352-363-8973 (direct)