**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RICHARD SEAN FULMER,

Plaintiff,

vs. Case No. 3:26-cv-2143-MMH-LLL

UNITED STATES SMALL
BUSINESS ADMINISTRATION,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court sua sponte. On August 27, 2026, Plaintiff, proceeding pro se, filed Plaintiff's First Amended Verified Complaint for Declaratory and Injunctive Relief and Integrated Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (Doc 5; Amended Complaint). In the Amended Complaint, Plaintiff sets out "Grounds for Emergency Injunctive Relief." See id. at 9. If Plaintiff seeks entry of a temporary restraining order or preliminary injunction, Plaintiff must file a separate motion which complies with the requirements set forth in Rule 65, Federal Rules of Civil Procedure (Rule(s)), and Local Rules 6.01 and 6.02, United States District Court, Middle District of Florida (Local Rules(s)),

which govern the entry of preliminary injunctions and temporary restraining orders.

With respect to a request for temporary restraining order, Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 6.01(a) requires that the motion include, among other things: "a precise description of the conduct and the persons subject to restraint," "a precise and verified explanation of the amount and form of the required security," and "a supporting legal memorandum . . . ." Local Rule 6.01(b) sets out the requirements for the legal memorandum which must establish:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim,
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical,
> (3) the harm that might result absent a restraining order, and
> (4) the nature and extent of any public interest affected.

To the extent that Plaintiff seeks a preliminary injunction, Rule 65(a)(1) states that the Court may issue a preliminary injunction only on

notice to the opposing party. Local Rule 6.02 requires the party applying for a preliminary injunction to comply with the same procedural requirements set forth in Local Rule 6.01, discussed above. See Local Rule 6.02(a)(1).

Because Plaintiff has failed to comply with these requirements, to the extent he includes a request for the entry of a preliminary injunction or a temporary restraining order in his Amended Complaint, such request is due to be denied. If Plaintiff elects to file a motion requesting such relief, he should review and comply with all requirements of the Rules and the Local Rules of the Court.

Accordingly, it is **ORDERED**:

To the extent Plaintiff requests the entry of a preliminary injunction or temporary restraining order in his Amended Complaint, this request is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, on this 22nd day of September, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc37

Copies to:

Pro Se Party

Counsel of Record